IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARJINDER P. SINGH, | : | Civil No. 1:23-CV-00254 |
| Plaintiff, | : | |
| v. | : | |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES and UR MENDOZA JADDOU, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

**<u>MEMORANDUM</u>**

Before the court is the motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) filed by Defendants United States Citizenship and Immigration Services ("USCIS") and Ur Mendoza Jaddou (collectively, "USCIS"). (Doc. 8.) Plaintiff Harjinder P. Singh ("Singh") filed the complaint seeking to compel USCIS to adjudicate his I-601A waiver. (Doc. 1.) For the reasons that follow, the court will grant the motion to dismiss because it lacks jurisdiction to consider the claim.[1]

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

One way that a noncitizen can become a lawful permanent resident of the United States is if the spouse of the noncitizen is a citizen or lawful permanent

---

[1] Because the court will grant USCIS' motion to dismiss for lack of subject matter jurisdiction, the court will not address the request to dismiss for failure to state a claim.

1

resident and otherwise qualified.  8 U.S.C. §§ 1151, 1153.  The first step in this process is that the noncitizen and their spouse must file a Form I-130 with USCIS.  8 C.F.R. § 204.1.  When this form is approved, the noncitizen must then apply to adjust their status in the United States or apply for an immigrant visa with the Department of State.  8 U.S.C. §§ 1255; 1202.  In either scenario, the noncitizen must be admissible, meaning they are not inadmissible under any ground provided by 8 U.S.C. § 1182(a).

One such ground in § 1182(a)(9)(B)(i)(II) is that any noncitizen who has been "unlawfully present in the United States for one year or more, and who again seeks admission within ten years of the date of such alien's departure or removal from the United States, is inadmissible."  However, this ground of inadmissibility can be waived by the Secretary of Homeland Security.[2]  § 1182(a)(9)(B)(v).  Specifically, § 1182(a)(9)(B)(v) provides:

> The [Secretary of Homeland Security] has sole discretion to waive clause (i) in the case of an immigrant who is the spouse or son or daughter of a United States citizen or of an alien lawfully admitted for permanent residence, if it is established to the satisfaction of the [Secretary] that the refusal of admission to such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such alien. No court shall have jurisdiction to review a decision or action by the [Secretary] regarding a waiver under this clause.

---

[2] Congress transferred enforcement of the immigration laws to the Secretary of Homeland Security through the Homeland Security Act of 2002.  Homeland Security Act of 2002, Pub. L. NO. 107-296, § 401, 116 Stat. 2135, 2178 (2002).  Accordingly, the court will adjust any references to the "Attorney General" to "Secretary of Homeland Security."

2

§ 1182(a)(9)(B)(v).  The application for a provisional unlawful presence waiver is Form I-601A.  81 Fed. Reg. 50244 (July 29, 2016).  Currently, eighty percent of these forms are completely processed within forty-four months.  Check Case Processing Times, https://egov.uscis.gov/processing-times/ (last visited Nov. 7, 2023).

Harjinder P. Singh is a citizen and national of India.  (Doc. 1, ¶ 1.)  His wife is a U.S. citizen.  (*Id.*)  Singh entered the United States unlawfully in order to apply for asylum.  (*Id.* ¶ 11.)  Singh's wife filed an I-130 Petition on March 16, 2018, and the petition was approved on October 19, 2018. (*Id.* ¶ 10.)  Thereafter, Singh filed his I-601A provisional waiver application on November 22, 2021.  (*Id.* ¶ 1.)  USCIS' decision on his application is still pending.

Singh filed the instant complaint on February 10, 2023, alleging that USCIS violated the Administrative Procedure Act ("APA") by unreasonably delaying a decision on his I-601A application.  (*Id.* ¶ 24.)  USCIS filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) on April 17, 2023. (Doc. 8.)  The motion is now fully ripe and ready for disposition.

## JURISDICTION AND VENUE

Singh argues this court has jurisdiction under 28 U.S.C. § 1331 because he seeks relief under the Administrative Procedure Act, a federal statute.  USCIS disputes whether the court has jurisdiction.  Venue is appropriate under 28 U.S.C.

§ 1391(e)(1)(C) because this is an action against an officer or employee of the United States, no real property is involved, and Singh resides within the Middle District of Pennsylvania.

## STANDARD OF REVIEW

In determining whether it has subject-matter jurisdiction, the court must decide "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (quoting *Licata v. U.S. Postal Serv.*, 33 F.3d 259, 260 (3d Cir. 1994)). Rule 12(b)(1) challenges may be "facial" or "factual." *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). As relevant here, a facial attack challenges whether jurisdiction has been properly pled and requires the court to "only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen*, 549 F.2d at 891.)

## DISCUSSION

USCIS argues that this court lacks jurisdiction because the statute providing for waiver specifically precludes judicial review of any "action or decision by the [Secretary] regarding a waiver under this clause." (Doc. 12, p. 15.)[3] USCIS urges

---

[3] For ease of reference, the court utilizes the page numbers contained in the CM/ECF header.

the court to adopt the definition of "agency action" from the APA, and also interpret "regarding" broadly in accord with the Supreme Court's recent decision in *Patel v. Garland*, 596 U.S. 328 (2022). (Doc. 12, pp. 21–22.) Singh argues that the court has jurisdiction to review his claim because "action or decision" does not apply to the agency's nondiscretionary duty to adjudicate the petition, and *Patel* is inapposite to interpreting § 1182(a)(9)(B)(v) for multiple reasons, as detailed below. (Doc. 13, pp. 13–21.)

      The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. This right of review applies to all agency action, as defined by 5 U.S.C. § 551, except if "1) statutes preclude judicial review; or 2) agency action is committed to agency discretion by law." *Id.* § 701(a). Here, the statute that establishes that the Secretary may waive a noncitizen's inadmissibility due to entering unlawfully includes a provision which states, "[n]o court shall have jurisdiction to review a decision or action by the [Secretary] regarding a waiver under this clause." 8 U.S.C. § 1182(a)(9)(B)(v). The question, then, is whether the agency's delay in

adjudicating an application for a waiver is an "action or decision . . . regarding a waiver."[4]

USCIS relies on the definition of "agency action" as defined by 5 U.S.C. § 551, which provides that "'agency action' includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). Thus, USCIS argues that its delay in processing Singh's application is an action that cannot be reviewed by the court. USCIS also relies on *Patel v. Garland*, 596 U.S. 328 (2022), for the proposition that Congress' failure to include the word "discretionary" in the text of the jurisdiction stripping provision and the inclusion of the word "regarding" in the statute, shows that Congress had the intent to make the provision encompass "any claim having to do with the Secretary's waiver authority, including any claim of unreasonable delay." (Doc. 12, p. 24.)

Singh argues that it "defies logic" to say that the agency's delay is an action and therefore unreviewable, because such a conclusion would allow the agency to take money for the filing of the application and then render no decision. (Doc. 13, pp. 13–15.) Rather, Singh argues that the text of the waiver only applies to the

---

[4] Intertwined with their arguments regarding the language of the jurisdiction stripping provision, both parties make arguments regarding the discretionary nature of a delayed decision, seemingly addressing § 701(a)(2). Because the court finds that the statutory language "action or decision" encompasses delay, the court will not consider whether delay is "an agency action committed to agency discretion by law" under § 701(a)(2).

discretionary decision to deny or grant the waiver, and USCIS has not yet taken that action. (*Id.* at 13.) Based on defining "action or decision" as only the final grant or denial on the application, Singh concludes that USCIS has a nondiscretionary duty to make the discretionary decision within a reasonable amount of time. (*Id.* at 16.)[5] Singh argues that *Patel* is inapplicable because: it interprets a different provision of the Immigration and Nationality Act ("INA"); interprets the word "judgment" rather than "decision or action;" *Patel* specifically held that it was not to apply to other jurisdiction stripping provisions in the INA.[6] (*Id.* at 17–20.)

Additionally, both parties argue over the applicability of this court's prior decision in *Doe # 1 v. Wolfe*, No. 1:20-CV-02339, 2021 WL 4149186 (M.D. Pa. Sept. 13, 2021), in which this court held that it had jurisdiction to consider an

---

[5] Singh also argues that the definition of "agency action" as provided by the APA is inapplicable because the definition provided by the APA does not apply to a section of the INA. (Doc. 13, p. 13.) However, the court notes that Singh is seeking to compel USCIS to act under the APA and that the APA defers to provisions, such as the one at issue here, that strip the court of jurisdiction. Accordingly, the court is not persuaded by this argument.

[6] The court notes that these arguments reflect the split in trial courts that have considered the issue. In support of USCIS's argument, *see Lovo v. Miller*, No. 5:22-cv-00067, 2023 WL 3550167, at * 3(W.D. Va. May 18, 2023); *Mercado v. Miller*, No. 2:22-cv-02182, 2023 WL 4406292, at * 3 (D. Nev. July 7, 2023); *Mafundu v. Mayorka*, No. 23-CV-60611, 2023 WL 5036142, at *4 (S.D. Fla. Aug. 8, 2023); *Echeverri v. USCIS*, No. 23-cv-21711, 2023 WL 5350810, at * 4 (S.D. Fla. Aug. 21, 2023); *Vijay v. Garland*, No. 2:23-cv-157, 2023 WL 6064326, at *2 (M.D. Fla. Sept. 18, 2023). In support of Singh's argument, *see Lara-Esperanza v.* Mayorkas, No. 1:23-cv-01415-NYW-MEH, 2023 WL 7003418 (D. Colo. Oct. 24, 2023); *Bamba v. Jaddou*, No. 1:23-cv-357, 2023 WL 5839593 (E.D. Va. Aug. 18, 2023); *Granados v. United States*, No. 23-cv-00250, 2023 WL 5831515, at *1 (D. Colo. Aug. 23, 2023).

7

unreasonable delay claim regarding the adjudication of an application under the U-Visa program.  USCIS argues that *Doe # 1* is unpersuasive here because the U-Visa statute does not include a jurisdiction stripping provision.  (Doc. 12, pp. 24–25.)  Singh argues that *Doe #1* supports the proposition that prohibiting judicial review of how long an agency may take to render a decision defies Congress' intent to allow for judicial review of agency action or inaction.  (Doc. 13, p. 14.)

Initially, the court finds that its decision in *Doe # 1* is inapposite to the case at hand.  As USCIS noted, there was no jurisdiction stripping provision at issue in *Doe # 1*.  Accordingly, the analysis in *Doe # 1* focused on the exception to judicial review found in § 701(a)(2), which is determined by whether an action is committed to agency discretion.  Under that exception, this court held that "USCIS has a nondiscretionary duty to fulfill the requirements listed within the statutes and regulations within a *reasonable* amount of time."  *Doe # 1*, 2021 WL 4149186 at * 5 (emphasis in original).  In the case at hand, the court must undertake a completely different analysis under § 701(a)(1) because this case arises under a different section of the immigration laws which does contain a jurisdiction stripping provision.  Here, the court must consider the text and scope of § 701(a)(1), which it was not required to do in *Doe #1*.

Further, the Supreme Court has recently issued a decision addressing a jurisdiction stripping provision within the immigration laws, which provides

important guidance. In *Patel*, the Court considered the scope of its ability to review removal proceedings under § 1252(a)(2)(B)(i), which "strips courts of jurisdiction to review 'any judgment regarding the granting of relief' under § 1255." 596 U.S. at 336–37. The majority of the Court's analysis in *Patel* dealt with the definition of "judgment," and declined the government's invitation to read the word "discretionary" into the plain language of the statute at issue.

Importantly, the Court provided guidance on how to interpret Congress' use of the word "regarding." The Court held that the "use of 'regarding' 'in a legal context generally has a broadening effect, ensuring that the scope of a provision covers not only its subject but also matters relating to that subject.'" *Id.* at 338. While *Patel* is not controlling authority in this case, as it deals with a different section of the INA and also involves agency action in the form of a denial, the Court's discussion of statutory interpretation within the immigration law context is instructive.

Relying on the plain language of the statute and the Supreme Court's recent guidance in *Patel*, the court finds that it lacks jurisdiction to review USCIS's inaction. The APA defines "agency action as "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). A failure to act is "a failure to take an *agency action*– that is, a failure to take one of the agency actions (including their equivalents)

9

earlier defined in § 551(13)." *Norton*, 542 U.S. at 62. Dictionary definitions of "action" also support including "failure to act" within the scope of "action" because "action" can be defined, among other things, as "a thing done" and "the process of doing." *See Mafundu v. Mayorkas*, No. 23-CV-60611, 2023 WL 5036142, at *4 (S.D. Fla. Aug. 8, 2023) (citing WEBSTER'S THIRD NEW INT'L DICTIONARY, at 21 (1993)); *Echeverri v. U.S. Citizenship & Immigr. Servs.*, No. 23-CV-21711, 2023 WL 5350810, at *4 (S.D. Fla. Aug. 21, 2023).

Further, as the Supreme Court has advised, the court will interpret the use of the term "regarding" in a statute expansively, so that, in the context of this provision, an action or decision covers not only the actual grant or denial of relief, but also "matters relating to that subject." *Patel*, 596 U.S. at 339. Additionally, as other courts have recently noted, USCIS's sequencing of the order and the pace that it will consider these applications is also a "decision," which the court lacks jurisdiction to review. *Silva v. Miller*, 4:23-CV-3038, 2023 WL 7042347, at *8 (D. Neb. Oct. 26, 2023.) Thus, failing to grant or deny Singh's application is an agency action. Accordingly, the jurisdiction stripping provision in § 1182(a)(9)(B)(v) applies to Singh's unreasonable delay claim, and the court is without jurisdiction to review it.

## CONCLUSION

The court lacks jurisdiction to review Singh's claim under § 1182(a)(9)(B)(v). USCIS's motion to dismiss is granted. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: December 1, 2023